UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER CONTOS, | ) | CASE NO. 5:23-cv-855 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **AND ORDER** |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the report and recommendation of Magistrate Judge Amanda M. Knapp ("R&R") (Doc. No. 15), recommending that this Court affirm the decision by defendant Commissioner of Social Security (the "Commissioner") denying plaintiff Christopher Contos's ("Contos") application for Disability Insurance Benefits ("DIB"). Contos filed a timely objection to the R&R (Doc. No. 16 (Objection)), and the Commissioner filed a response. (Doc. No. 17 (Response).) Upon *de novo* review of the applicable sections, and for the reasons set forth below, the Court overrules plaintiff's objection, accepts the R&R, affirms the Commissioner's decision, and dismisses this case.

I. BACKGROUND[1]

In April 2021, Contos filed an application for Disability Insurance Benefits ("DIB"),

---

[1] The R&R contains a detailed recitation of the factual and procedural background in this case, to which Contos does not object. (*See* Doc. No. 15, at 2–18.) The Court adopts those portions of the R&R and includes only the background pertinent to Contos's objection to the R&R.

alleging physical disabilities and depression. (*See* Doc. No. 8 (Administrative Transcript), at 57.[2]) Contos alleged a disability onset date of May 5, 2018. (*Id.*) Contos's application for DIB was denied initially and upon reconsideration. (*Id.* at 80–83, 86–89.) Contos requested a hearing before an Administrative Law Judge ("ALJ"), and a telephonic hearing was held on February 24, 2022. (*Id.* at 90–91, 30–52.)

The ALJ issued her decision on April 27, 2022. (*Id.* at 15–29.) The ALJ found that Contos suffered from the following severe impairments: lumbar degenerative disc disease, post-laminectomy syndrome, and meniscal tear of the knee. (*Id.* at 20.) The ALJ further determined that Contos's impairments, alone or in combination, did not meet or medically equal the severity of any of the listed impairments in the Social Security regulations, and that Contos retained the residual functional capacity ("RFC") to perform a range of light duty work with specific limitations. (*Id*. at 21–29.) Specifically, the ALJ concluded that Contos could perform a significant number of jobs existing in the national economy, such as mail clerk, sales clerk, or ticket taker, and was therefore not disabled under the applicable Social Security regulations. (*Id.* at 28–29.)

The Appeals Council declined to review the ALJ's decision on March 6, 2023, making the ALJ's decision the final decision of the Commissioner. (*Id.* at 5.) Contos timely filed the instant action, seeking judicial review. (Doc. No. 1.) The case was referred to the magistrate judge pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). Contos, represented by counsel, filed a brief on the merits on October 3, 2023, and the Commissioner filed a response on November 16, 2023. (Doc. Nos. 11, 12, respectively.) On April 1, 2024, the magistrate judge issued her R&R,

---

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

recommending that the Commissioner's decision be affirmed because the ALJ's decision applied the appropriate legal standards and was supported by substantial evidence. (Doc. No. 15.)

## II. STANDARD OF REVIEW

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. *See also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Objections to a report and recommendation must be sufficiently specific to focus the court's attention on contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); Local Rule 72.3(b) (providing that the objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections").

The Court's review of the Commissioner's decision is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions

of credibility. *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854–55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

However, even if the Commissioner's decision is supported by substantial evidence, it "will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (further citations omitted)). Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996), and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544–46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the opinion)).

4

### III. DISCUSSION

Contos submits a single objection to the R&R, arguing that the magistrate judge erred in finding that the ALJ had properly evaluated the consistency factor when evaluating the opinion of Dr. Paul Scheatzle, which the ALJ ultimately found to be unpersuasive. (Doc. No. 16, at 2.)

The Social Security regulations provide that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 404.1520c(a). Rather, the ALJ will consider "how persuasive" the medical opinion is. § 404.1520c(b). In determining the persuasiveness of a medical opinion, the ALJ is instructed to consider five factors: (1) supportability; (2) consistency; (3) relationship with the claimant, including length, purpose, and extent of treatment relationship, and frequency of examinations; (4) specialization; and (5) other factors that tend to support or contradict a medical opinion. § 404.1520c(c)(1)–(5). Because the regulations consider supportability and consistency the "most important factors," ALJs are obligated to "explain how [they] considered the supportability and consistency factors for a medical source's medical opinions," while they "may, but are not required to, explain how [they] considered" the remaining factors. § 404.1520c(b)(2).

Contos's objection pertains exclusively to the ALJ's evaluation of the "consistency" factor as to Dr. Scheatzle's opinion. (Doc. No. 16, at 1.) "'Consistency' denotes 'the extent to which the opinion is consistent with the evidence from other medical sources and nonmedical sources in the claim.'" *Cormany v. Kijakazi*, No. 5:21-cv-933, 2022 WL 4115232, at *6 (N.D. Ohio Sept. 9, 2022) (quoting *Hardy v. Comm'r of Soc. Sec.*, No. 2:20-cv-4097, 2021 WL 4059310, at *3 (S.D. Ohio Sept. 7, 2021) (further citations omitted)). "The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more

5

persuasive the medical opinion(s) . . . ." § 404.1520c(c)(2).

Specifically, Contos asserts that the ALJ did not "properly evaluate the consistency factor" because the ALJ's decision "failed to discuss evidence supportive of Dr. Scheatzle's limitations, including MRI, x-ray, CT scan imaging, and various objective signs."[3] (Doc. No. 16, at 2.) The Court disagrees.

As an initial matter, Contos raises an improper objection by asserting the same argument set forth in his merits brief, which the magistrate judge directly considered and ultimately rejected. (Doc. No. 15, at 20–26.) *See, e.g.*, *Davenport v. Comm'r of Soc. Sec.*, No. 1:19-cv-1206, 2020 WL 5569620, at \*2 (N.D. Ohio Sept. 17, 2020) (rejecting plaintiff's objections because they simply restated arguments presented to the magistrate judge); *Austin v. Comm'r of Soc. Sec.*, No. 1:19-cv-2380, 2021 WL 1540389, at \*4 (N.D. Ohio Apr. 19, 2021) (recognizing that objections that do "nothing more than restate an argument previously presented [and] a disagreement with [the] magistrate judge's suggested resolution" are equivalent to a failure to object).

Even if the objection was proper, Contos's argument is unpersuasive. As the magistrate judge correctly explained in the R&R, "the ALJ clearly addressed the issue of consistency" when she "specifically contrasted Dr. Scheatzle's 'high level of proposed limitation' with records from treating sources that documented 'normal gait, strength . . . , sensation and reflexes," and "also found Dr. Scheatzle's opinion was not consistent with [Contos's] conservative treatment and the large gaps in his treatment." (Doc. No. 15, at 21–22 (quoting Doc. No. 8, at 27).) This analysis is unaffected by Contos's assertion that "the ALJ failed to discuss evidence supportive of Dr. Scheatzle's limitations" (Doc. No. 16, at 2), because an ALJ need not discuss every piece of

---

[3] Contos does not identify the "various objective signs" that he contends were erroneously ignored by the ALJ.

evidence presented "so long as the reviewing court can glean the rationale of the decision." *Harrington v. Kijakzi*, No. 20-cv-10954, 2021 WL 3486278, at *5 (E.D. Mich. Aug. 9. 2021) (citing *Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004) ("[A]n ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered." (quotation marks and citation omitted))); *see also Rottman v. Comm'r of Soc. Sec.*, 817 F. App'x 192, 194 (6th Cir. 2020) ("An ALJ need not discuss every piece of evidence in the record for [the ALJ's] decision to stand." (quoting *Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 665 (6th Cir. 2004)) (further citation omitted). Here, it is clear from the administrative decision, when taken as a whole, that the ALJ thoroughly considered all of the record evidence—including the MRI, x-ray, and CT scan imaging that Contos claims supports Dr. Scheatzle's opinion—in reaching her conclusion as to the consistency, and ultimately the persuasiveness, of Dr. Scheatzle's opinion. (*See* Doc. No. 15, at 22–26.)

Contos also takes issue with the ALJ's statements that Dr. Scheatzle "'provided no answer' to the question of 'what medical evidence supports this assessment.'" (Doc. No. 16, at 2 (citation omitted).) As Contos acknowledges, this argument "refers to the internal support of the opinion." (*Id.*) Contos did not raise a supportability argument to the magistrate judge and therefore cannot raise it now. *See Peterson v. Burris*, No. 17–1291, 2017 WL 8289655, at *3 (6th Cir. Dec. 8, 2017) ("Issues raised for the first time in objections to a magistrate judge's report and recommendation are deemed waived."); *Oberacker v. Noble*, No. 1:17-cv-2547, 2018 WL 2772501, at *1 (N.D. Ohio June 11, 2018) ("[A]bsent a compelling reason, the party objecting to an R&R cannot raise in the district court a new argument or issue that was not presented to the Magistrate Judge." (citations omitted)).

And even if it was proper, Contos's argument amounts to a request to reweigh the evidence, which the Court is not permitted to do. *See Brainard v. Sec'y of Health & Hum. Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) ("We do not review the evidence *de novo*, make credibility determinations nor weigh the evidence." (citation omitted)); *Rottmann v. Comm'r of Soc. Sec.*, 817 F. App'x 192, 196 (6th Cir. 2020) ("[T]his court does not weigh evidence, assess credibility, or resolve conflicts in testimony—that's the ALJ's job." (citations omitted)).

Finally, Contos asserts that the ALJ improperly weighed evidence, claiming that he "has exhausted invasive treatment options, and that exhaustion should be weighed in his favor, if anything." (Doc. No. 16, at 3.) However, as noted above, this Court is not permitted to re-weigh the evidence. *Brainard*, 889 F.2d at 681; *Rottmann*, 817 F. App'x at 196.

Accordingly, because the ALJ properly applied the relevant regulations, and because her resulting conclusions are supported by substantial evidence, the Court must affirm the Commissioner's decision notwithstanding the fact that Contos believes that the evidence also supported a contrary conclusion. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) ("[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ."); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." (citations omitted)).

## IV. CONCLUSION

For the reasons discussed above, Contos's objections to the R&R (Doc. No. 16) are OVERRULED. The R&R (Doc. No. 15) is ACCEPTED. Because the Commissioner's decision to deny DIB is supported by substantial evidence, that decision is AFFIRMED, and this case is DISMISSED.

**IT IS SO ORDERED**.

Dated: June 13, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**